**L.C. MARKHAM, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 785 S 268.**

Supreme Court of Indiana.

Oct. 31, 1985.

Robert R. Garrett, Public Appellate Counsel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

The appellant, L.C. Markham, was convicted by a jury of two counts of robbery, class B felonies, Ind.Code § 35–42–5–1 (Burns 1985 Repl) and was sentenced to two concurrent terms of imprisonment of fourteen years. He raises the following issues in this direct appeal:

1. Whether the evidence was sufficient to sustain the convictions; and,

2. Whether the court erred in enhancing the sentences to fourteen years from a presumptive term of ten years.

I.

The facts which support the trial court's judgment of conviction are as follows. The two female victims of the crimes, J.R. and L.S., were returning to their automobile after dining at a Gary restaurant. When they reached the car, a man later identified as appellant ran up to J.R. on the passenger side of the car, pointed a gun at her, and said, "All right, give me your purses." J.R. complied, and the man approached L.S. at the driver's side and she handed over her purse. L.S. testified that at that time the lighting was very good and she saw appellant's face. Appellant walked back around

to J.R., pointed the gun at her, and told them both to get in the car. He also entered the car and, at gunpoint, ordered L.S. to drive out of the parking lot. After a further demand, they gave him their rings and watches. Eventually, he ordered L.S. to stop the car in an alley where he ordered J.R. out. When J.R. left the car, the dome light came on and L.S. again saw appellant's face.

Appellant ordered L.S. to drive him around. She was frightened and crying, and he threatened to "blow her brains out." They stopped in another alley where he had her sit in the back seat with her head down. Nonetheless, she saw his face again when he was shaking out the contents of the women's purses.

Next, he got in the back seat, said, "Well, you know what I want now," and put his hands on her breasts. At that moment, a light from a nearby house came on and appellant ordered L.S. out and drove away in her car.

Soon after the crime, the police showed L.S. a photographic array which did not contain a photograph of appellant. She told the police that one person in the array resembled the robber, but that she was not certain enough to make a positive identification. A few months later she was shown another array of eight photographs, one of which was of appellant and one of the man she had said resembled appellant. L.S. unhesitatingly chose appellant's photograph from the array and said she was certain he was the robber. J.R. also made a positive identification of appellant during a separate viewing of the same array. In court, L.S. unequivocally identified appellant as the man who robbed her.

■ Appellant challenges the sufficiency of the evidence without presenting argument on the issue. He simply asks the Court to review the record to determine the existence of substantial evidence of probative value on each element of the two robberies. Having done so, and without reweighing the evidence or judging the credibility of the witnesses, we conclude the evidence most favorable to the State sup-

ports the judgments of conviction. *See Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 499 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Appellant was charged with committing two class B robberies by knowingly and intentionally taking the property of J.R. and L.S. while armed with a deadly weapon and by putting the victims in fear. Ind. Code § 35–42–5–1 (Burns 1985 Repl.). The evidence summarized above clearly proved these charges beyond a reasonable doubt. L.S. testified appellant demanded their purses at gunpoint and continuously threatened her and J.R. with the gun. Also at gunpoint, they turned over to appellant their jewelry. L.S. testified directly that she was terrified. J.R.'s fear can be inferred from the circumstances of the episode, including the testimony that J.R. was unarmed, was threatened, and complied with appellant's demands. *Roberts v. State* (1976), 265 Ind. 439, 355 N.E.2d 243. Appellant cannot make a serious argument that his guilt was not proven beyond a reasonable doubt.

## II.

■ Appellant claims the court abused its discretion when it sentenced him to fourteen years for each robbery. The presumptive term of imprisonment for each robbery was ten years, Ind.Code § 35–50–2–5 (Burns 1985 Repl.), and the court enhanced each sentence by four years. The court found:

> ... in mitigation the young age of the Defendant, to-wit: 18 years; and finds in aggravation the Defendant's prior involvement with the Juvenile Court for offense of Burglary, Auto Conversion. The Court further finds that in this cause, although not charged, there were additional criminal acts attempted, to-wit: a sexual assault.

> The Court now imposes a term of fourteen (14) years on each count.

Appellant concedes that the court properly found in aggravation his prior criminal activity. Ind.Code § 35–38–1–7 (Burns

1985 Repl.). Therefore, we need not address his argument that the court's further finding of an attempted sexual assault during one of the robberies was not supported by sufficient evidence. He claims that the court could not impose an enhanced sentence with only the prior criminal history as an aggravating factor when the court also found appellant's age in mitigation. We disagree. It was within the court's discretion to determine the weight to be given the aggravating and mitigating factors and to impose sentence accordingly. *Abercrombie v. State* (1982), Ind., 441 N.E.2d 442. The appellant was not improperly sentenced.

The judgment of the trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.