**Delmon EVANS, Appellant
(Defendant below),**

**v.**

**STATE of Indiana, Appellee
(Plaintiff below).**

**No. 1185S492.**

Supreme Court of Indiana.

Oct. 3, 1986.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Following a jury trial, appellant Delmon Evans was convicted of felony murder, Ind. Code § 35–42–1–1 (Burns 1985 Repl.) and two counts of robbery, class A felonies, Ind.Code § 35–42–5–1 (Burns 1985 Repl.). He was sentenced to concurrent terms of 50 years for felony murder and 30 years for one count of robbery. The remaining robbery count merged with the felony murder charge.

Evans raises five issues in this direct appeal:

1) Sufficiency of the evidence;

2) Whether the indictment was defective;

3) Whether the prosecutor committed misconduct during final arguments by referring to evidence not presented at trial;

4) Whether the defendant's waiver of his right to be sentenced within thirty days of judgment was voluntary;

5) Whether the trial court's decision to impose enhanced sentences was adequately supported and whether the result is manifestly unreasonable.

The evidence at trial revealed that on March 19, 1985, Evans and three other youths robbed two men as they walked to a Muncie restaurant. The two victims heard

quickening footsteps behind them and stopped, turning to face the first attacker. As they did, a piece of cement block was thrown from another direction; it hit one victim in the mouth, broke two teeth, and knocked him down. The other victim was hit in the head with a block of cement and died. The billfolds of both men were taken. Two witnesses in an apartment overlooking the street yelled at the youths, who then fled.

## I. Sufficiency of the Evidence

Evans alleges the evidence merely established his presence at the murder scene and thus was insufficient to support his convictions, either as principal or accessory. Although two cohorts identified him as an active participant, Evans asserts that their testimony was inherently incredible because they admittedly changed their account of the crime several times. He notes that the only remaining evidence is the testimony of the two witnesses and the surviving victim and cites their disagreement on the number of men who participated in the crime. The victim saw four youths, while the witnesses saw three. Neither the witnesses nor the victim specifically identified Evans in court.

Evans is asking this Court to judge the credibility of witnesses and reweigh the evidence, an inappropriate task during appellate review. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. In addressing an insufficiency claim, we will affirm the conviction if, considering the probative evidence and reasonable inferences supporting the verdict, a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.*

██ The evidence clearly established that Evans and at least two other youths acted in concert to rob the two victims. The youths used slabs of broken cement to overcome their victims, leaving one injured and another dying. One of the independent witnesses indicated the robbery-turned-murder appeared to be a joint effort; one youth stood guard over the surviving victim while two other youths beat the decedent. Evans' cohorts admitted being at the scene of the crime but testified that Evans had committed the robberies. The surviving victim testified that a youth brandishing a switchblade took his wallet. Evans' own testimony placed him at the scene with a switchblade, only a few feet away from the victims. The uncorroborated testimony of a witness, the victim, or the defendant's accomplices is sufficient to establish all elements of the crime and support a conviction for robbery. *Townsend v. State* (1984), Ind., 460 N.E.2d 139; *Thompson v. State* (1982), Ind., 441 N.E.2d 192; *Tolbert v. State* (1984), Ind., 459 N.E.2d 1189.

██ With regard to the murder, the evidence was conflicting as to whether Evans administered the fatal blow to the decedent's head. The testimony of the victim and the witnesses established that the defendant was, at the least, an accessory to murder. The testimony of Evans' accomplices supported the inference that Evans was the principal. The distinction between principal and accessory is not significant here; all participants in a robbery which results in a killing are deemed equally guilty of the murder, regardless of which participant actually killed the victim. *Rogers v. State* (1974), 262 Ind. 315, 315 N.E.2d 707. Thus, we conclude the evidence was sufficient to support Evans' convictions.

## II. Adequacy of Indictment

The grand jury returned two indictments for robbery against Evans. Each indictment consists of two pages; one page describes the offense and the other lists the witnesses. Evans' motion to dismiss the robbery indictments was denied. Counsel claims that the indictments do not comply with Ind.Code § 35–34–1–2(b), which requires that they be signed by the grand jury foreman or by five of its members or by the prosecutor. Both pages of both indictments are in fact signed by the foreman.

■ Counsel also claims that the indictments fail under Indiana Code § 35–34–1–2(c), which requires that they contain the names of the material witnesses. We can only gather that counsel believes that the statute requires dismissal of an indictment which names the witnesses on a separate page. He is mistaken.

More importantly, Evans alleges that the indictment fails to contain a statement of the essential facts constituting the offense, as required under Ind.Code § 35–34–1–2. The pertinent allegations constituting one of the robbery counts, for example, read:

... Delmon Evans, James Tyrone Smith, Anthony Watkins and Willie Lee Murphy, on or about the 19th day of March, 1985, at and in the County of Delaware, State of Indiana, (did) knowingly take property, to-wit: United States currency, billfold, and drivers' license, from other person, to-wit: ROBERT COOK, by the use of force on said ROBERT COOK, while armed with deadly weapons, to-wit: a switchblade knife, rocks and pieces of concrete, resulting in serious bodily injury to the said ROBERT COOK....

■ Evans' argument apparently rests on the failure to specify the physical acts which Evans contributed to the robbery. Such specificity is not required, particularly when accessory liability is alleged and the acts of the defendant's confederates can be attributed to him. Where the charging instrument informs the defendant of the offense with which he is charged, the time and the place of its commission, the victim's identity and the type of weapon used, the instrument is drafted with sufficient specificity and need not disclose the specific conduct by the defendant which led to the injury. *Moody v. State* (1983), Ind., 448 N.E.2d 660.

### III. Prosecutorial Misconduct

During final arguments, the prosecuting attorney twice alluded to Evans' initial statement to police that he did not know anything about the robbery and murder. Evans gave a second statement to police in which he implicated the other youths and admitted his own presence at the scene. Only this second statement was admitted at trial. Evans' objections to mention of his initial statement were overruled. He claims these remarks were so prejudicial as to require a new trial.

■ This Court first must determine, by reference to case law and the disciplinary rules of the Code of Professional Responsibility, whether prosecutorial misconduct occurred. *Burris v. State* (1984), Ind., 465 N.E.2d 171, *cert. den.,* —— U.S. ——, 105 S.Ct. 816, 83 L.Ed.2d 809. If misconduct is found, the next question is whether it placed appellant in grave peril. That issue is determined by the probable persuasive effect of the misconduct on the jury's decision, not by the degree of impropriety of the conduct. *Id.*

■ Disciplinary Rule 7–106(C)(3) governs trial conduct: "In appearing in his professional capacity before a tribunal, a lawyer shall not ... (a)ssert his personal knowledge of the facts in issue, except when testifying as a witness." The prosecutor was imparting his personal knowledge to the jury when he referred to Evans' initial statement. That statement was not in evidence and bore on Evans' veracity, an issue in the trial. Thus, the prosecutor's comments constituted misconduct.

■ However, this misconduct did not rise to the level of reversible error because Evans was not placed in grave peril by the remarks. The prejudicial effect of an isolated improper remark is aggravated by repeated instances of misconduct and the cumulative impact may require reversal. *Russell v. State* (1982), Ind., 438 N.E.2d 741. The prosecutor in this case made two references to the initial statement. However, defense counsel failed to request an admonishment or a mistrial, indicating the damage was not as severe as appellant now suggests. Moreover, it is unlikely that the misconduct had a persuasive prejudicial effect on the jury in light of the strength of the evidence against Evans. Under these circumstances, the prosecutorial miscon-

duct did not rise to the level of reversible error.

## IV. Sentencing Delay

After the verdict was announced, the trial court indicated it would prefer to sentence Evans after his accomplices were tried. The other trials were scheduled to conclude within five weeks. The trial court asked Evans if he would waive the 30–day sentencing requirement of Ind.Code § 35–38–1–2 (Burns 1985 Repl.). After having conferred with his attorney, Evans agreed to the delay without comment. The judge then set the sentencing date for approximately 37 days later.

■■■ Evans argues that his waiver was not voluntary. He now contends that he feared the judge would give him a harsher sentence if he objected to the delay. The record does not lend credence to Evans' argument, and Evans does not reveal the foundation for his alleged expectation of trial court retribution. A party who claims error bears the burden of producing a record which bears out his claim. *Smith v. State* (1977), Ind., 267 Ind. 167, 368 N.E.2d 1154. On appeal, no presumptions may be drawn from a silent record. *Vickers v. State* (1984), Ind., 466 N.E.2d 3. Therefore, Evans' bald assertions are insufficient to prove reversible error.

## V. Sentencing

■■■ Evans also claims the trial court "erred in improperly weighing and applying" aggravating and mitigating circumstances. The trial court found three aggravating circumstances: 1) the risk that Evans would commit future crimes without incarceration; 2) that less than an *enhanced* sentence would depreciate the seriousness of the crime; and 3) a history of criminal activity. The trial court found only one mitigating circumstance—Evans' youth. It is within the trial court's discretion to weigh aggravating and mitigating factors and impose sentence accordingly. *Markham v. State* (1985), Ind., 484 N.E.2d 573.

■■■ Evans claims that there was no evidence to support the judge's conclusion that Evans had a criminal history or a criminal future. Evans argues that he had no adult record and that there was no evidence of his juvenile record presented at the sentencing hearing. An offender who has just turned eighteen is by definition unlikely to have an adult record, and Evans' juvenile record was detailed in a presentence report. A juvenile history detailed in a presentence report filed with the trial court may suffice as evidence of a criminal history constituting an aggravating circumstance. *Simms v. State* (1981), Ind.App., 421 N.E.2d 698.

■■■ The record discloses that the judge was already familiar with Evans, having earlier committed him to the Indiana Boys School for an incident involving a knife. Not long after Evans was released, he committed the instant offenses. The judge believed Evans' juvenile record established that Evans had a history of criminal conduct and that there was a risk that this pattern could continue. Evans did not present the judge with any evidence to the contrary. Therefore, we conclude the judge did not abuse his discretion.

Evans further argues that the second aggravating circumstance would be applicable only if the court were considering a sentence of less than the 40–year presumptive sentence as against imposition of the presumptive sentence. The list of aggravating factors contained in Ind.Code § 35–38–1–7 (Burns 1985 Repl.) includes: "Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime." As appellant suggests, that statutory factor appears to be applicable only when the trial court is considering the imposition of a reduced sentence.

■■■ However, that is not the same factor considered by the trial court in this case. The judge found as an aggravating circumstance that a sentence less than the *enhanced* term of 50 years would depreciate the seriousness of the crime committed by Evans. Consideration of this factor was

appropriate under Ind.Code § 35–38–1–7(d), which specifically notes that the statutory list of aggravating circumstances is not exhaustive. Thus, this aggravating circumstance was properly considered in enhancing Evans' sentence.

Evans also argues that the judge failed to find several other mitigating circumstances, none of which are supported by the record.

Though not claimed in his motion to correct error, counsel argues that Evans' sentence is cruel and unusual punishment, that it is manifestly unreasonable, and that it is not proportionate with the offense. U.S. Const., am. VIII; Ind. Rules for Appellate Review of Sentences, Rule 2; Ind. Constitution, Art. I, sec. 16. We do not find a sentence of 50 years for a crime of this brutality as violating these proscriptions.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.