Leon R. THOMAS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8607–CR–654.

Supreme Court of Indiana.

May 9, 1988.

William L. Touchette, Chief Appellate Public Defender, Marce Gonzalez, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Robbery, a Class B felony, for which he was sentenced to fourteen (14) years imprisonment, the sentence to be served consecutively to a sentence which appellant was to serve in Georgia.

The facts are: On August 3, 1983, at approximately 5:45 p.m., Craig Kerns, an attendant at the Martin Oil Station located in Gary, Indiana, was robbed at gunpoint by an individual he recognized as a customer. He also recognized the reddish American Motors station wagon which was driven by appellant.

Immediately following the robbery, Kerns went outside the station and observed appellant driving away in his station wagon. He was able to copy the license number of the vehicle and give it to the police. Further investigation disclosed that the number copied by Kerns was registered to appellant. While Kerns was still outside the station he flagged down a passing police vehicle and gave a description of the robber and the vehicle to the officer. He then returned to the station and called the police department to give them the same information. He described the robber as being approximately five feet eleven inches tall and weighing approximately two hundred pounds. This description fit appellant.

Not long after the robbery, Kerns saw appellant's automobile parked in an apartment complex near the station. It was later determined that appellant was in fact residing in that complex. Some time following the robbery, appellant drove into the station in the same car and purchased a pack of cigarettes from Kerns. Another customer was present at the time and appellant left the building but did not leave the premises. He remained seated in his automobile for approximately fifteen minutes. Kerns became concerned and locked himself and his customer in the station and telephoned police. However, for some reason the police did not respond to that call.

The following week appellant, accompanied by three other men, drove into the station in a different automobile. Appellant remained in the vehicle but his companions approached Kerns and inquired whether Craig Kerns was working. Kerns responded that "Kerns" was on vacation. The men then returned to the automobile and left. Kerns identified appellant in open court as the robber.

Appellant claims the evidence is not sufficient to sustain the verdict. He takes the position that Kerns's testimony is so inherently improbable and incredible that it is not worthy of belief. He thus reasons that since Kerns's testimony is the sole evidence against him he should have been acquitted.

Appellant recognizes that this Court will not weigh the evidence on appeal; he claims, however, that the case should be reversed because of the incredibility of Kerns's testimony, citing *Survance v. State* (1984), Ind., 465 N.E.2d 1076. Although it is stated in *Survance* that this Court will examine the evidence to determine whether it is sufficient to support the verdict, the opinion nevertheless affirmed Survance's conviction. We reach the same result in the case at bar. We find nothing at all incredible concerning the testimony of Kerns. Kerns had ample opportunity to observe appellant on several occasions which formed a believable background to support his identification. He was also able to obtain the license number of the vehicle fleeing the scene of the robbery which was later found to be the license plate issued to appellant.

Appellant also questions Kerns's testimony that $200 was taken from him in the robbery. Appellant claims there was no testimony as to an audit of the station accounts to support the $200 amount. The uncorroborated testimony of the victim is sufficient to support the conviction. *Evans v. State* (1986), Ind., 497 N.E.2d 919.

Although appellant was represented by court-appointed counsel, he has submitted a brief and a re-brief in support of his case. However, the briefs are repetitious and generally raise the same subjects raised by his court-appointed counsel. By use of conclusory statements, appellant attempts to attack the competency of his trial counsel. There is nothing in this record to support appellant's conclusions.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.