**Darryl E. SMITH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00-8805-CR-506.**

Supreme Court of Indiana.

July 12, 1989.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of the crime of Robbery, a Class B felony, for which he received a sentence of ten (10) years enhanced by thirty (30) years by reason of his status as an habitual offender.

The facts are: At approximately 1:30 a.m. on December 1, 1986, appellant drove into a United Oil Station in Indianapolis, Indiana. After sitting in his car for a few minutes, he entered the station and told the attendant he wanted to purchase one dollar's worth of gasoline. He pulled out a "wad" of twenty-dollar bills and gave one of the bills to the attendant, Michael McGloughlin. He then returned to the pumps and put one dollar's worth of gasoline into his automobile.

Upon reentering the station, he began looking through the snacks offered for sale, selected some, and paid for them with coins from his pocket. He started to leave the station without picking up his change from the gasoline purchase. When McGloughlin called this to his attention, he returned and opened his coat, disclosing what appeared to be a length of three-inch pipe, and ordered McGloughlin to give him his money.

Appellant escaped with approximately $40 in cash from the cash register. McGloughlin was able to read appellant's license plate number as he drove from the station. Police traced the license number to a friend of appellant's through whom they were able to effect the arrest of appellant. McGloughlin identified appellant as the person who robbed him.

■ Appellant claims the evidence is insufficient to sustain his conviction for robbery. He claims the State failed to establish beyond a reasonable doubt that he had the necessary *mens rea* to commit the offense. Prior to trial appellant filed a suggestion of insanity, and the trial judge appointed doctors to examine appellant. The first report filed on March 4, 1987 was that appellant was not competent to stand trial at that time. On March 20, 1987, Doctors Schuster and Hull filed reports finding that appellant then was competent to stand trial.

In April of 1987, the court held a competency hearing and found that appellant had sufficient comprehension to understand the nature of the charges against him and to aid in his defense. The doctors also had reported that in their opinion appellant was competent on the date the crime was committed.

Appellant now claims that the court should have found that he was so mentally deficient as to not have the capacity to form the necessary *mens rea*. However, in view of the medical testimony placed before the trial court and the fact the court had the opportunity to observe appellant during the course of the trial, we see nothing in this record to indicate the trial court erred in permitting appellant to go to trial before a jury nor do we see any lack of evidence that appellant had the capacity to form the *mens rea* at the time the crime was committed. We will not invade the province of the jury in weighing such evidence. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

■ Appellant also claims that there is insufficient evidence to show that he had any intention to rob the victim. He argues that his own testimony showed that when he entered the station his intent was to work a scam on the attendant by giving him a $20 bill for a $1 purchase and then manipulating the change in such a manner as to receive more than he was owed. However, this contention of appellant merely poses a weighing of the evidence. Appellant's testimony was placed before the jury as was the testimony of McGloughlin. It was entirely within the province of the jury to weigh such evidence. The uncorroborated testimony of the robbery victim is sufficient to support a

conviction. *Thomas v. State* (1988), Ind., 522 N.E.2d 390.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.