Costs of this proceeding are assessed against Jackie Rex Burton.

All Justices concur.

**Michael Damon SULLIVAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 48S00–8711–CR–01021.

Supreme Court of Indiana.

July 20, 1989.

Mark D. Maynard, Patrick Murphy, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Sullivan was charged with Murder and Child Molesting and the State had requested the death penalty be imposed. Sullivan was sixteen (16) years old at the time. His victim was a

five year old girl. A plea agreement was reached wherein the State agreed to dismiss the death penalty count and Sullivan agreed to plead guilty to the charges of Murder and Child Molesting, both as Class A felonies. The trial court accepted the plea agreement and sentenced Sullivan to sixty (60) years for murder and fifty (50) years for child molesting, said terms to be served concurrently.

In this direct appeal, Sullivan claims the trial court erred as follows in giving the maximum enhancement for both sentences: 1) consideration of other juvenile acts as aggravating factors; 2) the finding by the trial court as an aggravating factor the risk that Sullivan will commit another crime; and 3) inadequate specifications of factual bases for aggravating and mitigating circumstances.

The facts tended to show that the victim, T. L., was found partially clad, undressed from the waist down, apparently having recently been molested in the vaginal area, and dead from two, or perhaps more, blows to the head. Sullivan admitted the crimes in statements to the police and during different hearings and interviews with probation officers. He stated he, the victim and another child, Dustin Shaw, went into a wooded area near their apartment buildings. Shaw went out of the woods on an alternate route from T. L. and Sullivan. Sullivan tried to experiment sexually with the girl but she soon resisted his advance by crying. Sullivan stated he tried to scare and quiet her with the initial blow from a stick picked up along the hike. She screamed and Sullivan struck her again. He then pulled her to one side of the area they were in and fled the scene.

The court entered the following judgment and sentence on February 26, 1987:

The defendant having entered a plea of guilty on January 26, 1987 to Count I: Murder and Count II: Child Molesting, Class A Felony and the Court having considered the presentence report and the evidence now accepts the plea of guilty and sentences the defendant as follows: The Court finds in regards to Count I that the presumptive sentence is

forty years that can be aggravated up to an additional twenty years and can be reduced by ten years for mitigating circumstances. In regards to Count II the presumptive sentence is thirty years and the Court can aggravate up to twenty additional years and can subtract ten years for mitigating circumstances. In this case the Court finds as aggravating circumstances that there is a risk the defendant will commit another crime; the nature and circumstances of the crime committed herein and that the particular crime was very serious and heinous; the fact that the victim was five years of age and considered to be physically infirm due to her age [and] the age of the defendant; the fact that the defendant had some delinquent activity; that the defendant is in need of correctional or rehabilitative treatment that can best be served by his commitment to a penal facility; the imposition of a reduced sentence or a suspension of the sentence or imposition of probation would depreciate the seriousness of the crime. Therefore, the Court aggravates the sentence in Count I to sixty (60) years and in Count II to fifty (50) years. The Court finds that the sentences shall be served concurrently and that the defendant shall receive one (1) year and one hundred and fifty-eight (158) days credit, which shall be considered good time. The Court further recommends that the defendant be placed at the Indiana Youth Center. Defendant is hereby remanded to the custody of the Sheriff of Madison for delivery to the Indiana Department of Correction. On motion of the State of Indiana Count III is hereby ordered dismissed. Costs vs defendant. SO ORDERED THIS 26th day of February, 1987. Costs vs Defendant Judgment (Record, Vol I, pp. 17–18).

## I

During the sentencing hearing the court heard evidence regarding Sullivan's juvenile activities. One of the witnesses was T. B., a seven year-old boy who testified regarding an incident where Sullivan had fondled him when he was five years old. The evidence was presented in the form of a

videotaped interview with T. B. made by Detective Dale Koons of the Anderson Police Department. Sullivan argues the boy's story is wholly uncorroborated and inherently incredible and therefore unworthy of belief. The other evidence was a report included in the presentence investigation report which listed Sullivan's juvenile activity in Louisville, Kentucky. These reports included allegations of theft, sodomy, and being beyond parental control. Sullivan testified these charges were disposed of in Kentucky by either dismissal or a finding of not guilty. There was no other evidence concerning the matters. Sullivan complains the trial court appeared to use these juvenile matters as aggravating factors in his sentence.

It is well settled that sentencing is within the discretion of the trial court. *Warren v. State* (1984), Ind., 470 N.E.2d 342, 346. The trial court is to determine the weight to give the testimony and the credibility to be accorded to the witness giving it. *Holsclaw v. State* (1979), 270 Ind. 256, 257, 384 N.E.2d 1026, 1028. In *Jordan v. State* (1987), Ind., 512 N.E.2d 407, 410, this Court held it is proper for a trial court to hear and consider juvenile activity, not as a fact that can be used by a sentencing court to enhance a criminal sentence, but rather to be used as a consideration of prior criminal conduct or history of activity as an aggravating factor. In *Evans v. State* (1986), Ind., 497 N.E.2d 919, 923, a sentencing judge acted properly when he referred to a juvenile record which established the defendant had a history of criminal conduct and there was a risk that this pattern could continue.

It is apparent the trial court, in sentencing Sullivan, used this evidence as one of the factors in its finding there is a risk that Sullivan will commit another crime. He found as other aggravating circumstances the serious and heinous nature and circumstances of the crime committed, the fact the victim was five years of age and considered to be physically infirm due to her age and considering Sullivan's age, and the fact he had a prior record of delinquent activity. Obviously, the trial court used other proper facts and circumstances as

aggravating circumstances that support the sentence imposed so that the inclusion of the juvenile factor would be harmless even if it was error. *Forrester v. State* (1982), Ind., 440 N.E.2d 475, 487; *Pavey v. State* (1985), Ind.App., 477 N.E.2d 957, 963.

## II

 Sullivan claims the trial court erred by finding that, as an aggravating circumstance, there is the risk Sullivan will commit another crime, in that such finding is not supported by the evidence.

Sullivan cites no authority for this allegation other than his own observation of the weight and credibility to be given to the two days of testimony the trial court heard. He claims the trial court's finding that Sullivan's "propensity to involve himself with children of a much younger age" was not supported due to the weakness of the evidence of the juvenile pattern referred to in Issue I above. He further claims the evidence clearly shows this particular crime was a spontaneous, unpremeditated occurrence and not part of a pattern of criminality. Likewise, Sullivan claims the Record is devoid of any evidence he involved himself with younger persons for some criminal purpose or intent; rather there was ample testimony presented that he did so as a result of his apparent emotional and social immaturity. Sullivan's allegations do not describe reversible error. They demonstrate a disagreement with the trial judge in his assessment of the weight and credit to be given to the evidence and as factors in arriving at a proper sentence. The trial court heard all of the evidence and it was within his province to make these judgments. We cannot say there was inadequate evidence on which he based his final decision and therefore find no reason to second-guess him.

## III

Finally, Sullivan claims the trial court did not specifically identify all significant mitigating and aggravating circumstances and state the special reasons why each circumstance was considered to be mitigating or

aggravating. In addition, he claims there was no showing that the trial court evaluated and balanced the mitigating circumstances supported by the evidence against the aggravating circumstances in order to determine if the aggravators offset the mitigators. Further, Sullivan claims, the court erred by not mentioning mitigating circumstances where they were supported by the evidence in the record.

■ Sullivan concedes it is permissible for the trial court to find and consider mitigating circumstances but it is not mandatory for the sentencing court to do so. *Smith v. State* (1985), Ind., 485 N.E.2d 898, 902. Sullivan is correct that where mitigation is found in the record but not detailed by the trial court, the presumption may arise that such evidence was overlooked and hence not properly considered. *Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1202. Also, where the trial court fails to find mitigating factors, a reviewing court may nevertheless review and find such mitigation. *Dockery v. State* (1987), Ind.App., 504 N.E.2d 291, 297.

■ Although the trial court did not expressly dispose of mitigators in his findings, he discussed all of these factors at length with counsel and indicated his appraisal of them. This is also true of the aggravating factors he used to give the maximum sentence on each count. He openly discussed the tragedy and heinousness of this particular crime and the manner in which it was committed. He further discussed at length Sullivan's apparent personality problems, stating he wished he had the insight and knowledge of a psychiatrist or psychologist to better understand them. He invited counsel to give him their appraisal of these various factors in order to come up with the proper answer in this very complex and difficult situation. He then found as aggravating circumstances the risk Sullivan would commit another crime, that Sullivan is in need of correctional or rehabilitative treatment that can best be served by his commitment to a penal facility, and that the imposition of a reduced sentence or a suspension of the sentence or imposition of probation would de-

preciate the seriousness of the crime. The trial court sufficiently stated the aggravators he found to exist and those aggravators are supported by the evidence. We cannot say the sentence imposed is manifestly unreasonable based on the record. Ind.R.App.Rev.Sen. 2(1).

The trial court is affirmed.

GIVAN and DICKSON, JJ., concur.

SHEPARD, C.J., concurs in result without opinion.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

In *Evans v. State* (1986), Ind., 497 N.E.2d 919, an eighteen-year-old, along with three others, killed a man by hitting him in the head with a concrete block in robbing him. The youth had been previously committed to the Indiana Boys' School for an incident involving a knife. He received an enhanced term of fifty years. Here, appellant was younger, and was functioning in school and socially as a twelve-year-old. He routinely played with children much younger. At school he did not converse with other students or the teachers and responded to questions in class with a single word. He killed impulsively in a frenzy and there is no empirical evidence that the victim was subjected to special or heightened forms of physical or psychological abuse not normally found in conjunction with these felonies. His juvenile court record showed a determination that he was beyond the control of his parents in 1983, and that he was taken into custody for stealing a cassette player from a neighboring apartment and for sodomy of a four-year-old in 1984. Appellant is undoubtedly dangerous when permitted to be around small children and his prior experiences with the law and the fact that he was much stronger than his victims are unquestionably entitled to aggravating weight. However to enhance this sentence to the maximum is manifestly unreasonable. Ind.R. App.Rev.Sen. 2(1). The nature of this offender and his offenses warrants no more than the standard sentence for both felo-

nies, such sentences to be served concurrently.