Robert L. LANE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 71A03–8912–CR–530.

Court of Appeals of Indiana,
Third District.

March 27, 1990.

Stephen G. Drendall, South Bend, for
appellant.

Linley E. Pearson, Atty.Gen., Jane A.
Morrison, Deputy Atty. Gen., Indianapolis,
for appellee.

STATON, Judge.

Robert L. Lane appeals the enhanced
sentence he received for his guilty plea to
Theft, a Class D felony, claiming that the
court erred by considering his CHINS sta-
tus as an aggravating factor and claiming
that the enhanced sentence he received was
erroneous.

Reversed.

On January 30, 1989, Lane was ap-
prehended for stealing a cigarette lighter
from a residence. The burglary charge
was dropped, but the state pursued the
charge of theft, which was later added as
count II. Lane pled guilty to this charge
on April 5, 1989, and was originally sen-
tenced to four years. However, the court
suspended this sentence, placing Lane on
probation for four (4) years, on the condi-
tion that Lane serve three years in the
DOC.

In determining that Lane's sentence
should exceed the fixed, two year term
(I.C. § 35–50–2–7(a)), the sentencing Judge
made the following determinations on May
4, 1989:

The Court has reviewed the defen-
dant's history and after listening to argu-
ment finds the factors in aggravation
outweigh the factors in mitigation, par-
ticularly the Court finds that the *defen-
dant's long and troubled juvenile mat-
ters in CHINS,* particularly as summa-
rized in the report of Jan Warner dated
October 19, 1984, pages 7 through 10,

*reflect matters in aggravation outweighing matters in mitigation.* That report and those matters are incorporated by reference. Court finds that the defendant's youth and the fact that he was not responsible for most of the conditions of his early upbringing are matters in mitigation and in his favor; however, factors in aggravation outweigh matter in mitigation. The Court sentences the defendant[.] (Emphasis added.)

Record, p. 159, 11. 24–25, p. 160, 11. 1–12. At a hearing held on July 13, 1989, in response to Lane's Motion to Correct Errors, the court expounded upon its reasons for imposing an enhanced sentence.

[T]he Court did not consider mere CHINS placement as the matter in aggravation. *This Court clarifies that the matters in aggravation were the allegations of improper conduct and maladjustment by the defendant to various placements as the matters in aggravation.* Court further indicates that it clearly stated that it found Mr. Lane could not succeed without supervision on a merely probationary sentence and that supervision was a condition of a suspended sentence. (Emphasis added.)

Record, p. 179, 11. 7–15.

■ The trial court has the discretion to determine the length of a sentence. *Sullivan v. State* (1989), Ind., 540 N.E.2d 1242, 1244. However, if the trial court finds mitigating or aggravating circumstances, it must "include within the record a statement of its reasons for selecting the sentence it imposes." *Hammons v. State* (1986), Ind., 493 N.E.2d 1250, 1254.

■ Here, although the Court specifically referred to Lane's CHINS status and history as its reason for aggravating the presumptive sentence, that reason is not a factor that can be considered as "aggravating" and was thus improperly considered.

The State relies upon *Jordan v. State* (1987), Ind., 512 N.E.2d 407, *reh. denied,* (1987), Ind., 516 N.E.2d 1054, to support its claim that the sentencing court did no more than consider Lane's "criminal history." However, to agree with the State's logic would be to condone the equal consideration of a child adjudged to be CHINS with those who have a background of criminal activity. This, we decline to do.

In *Jordan,* our Supreme Court held that "the sentencing court may consider prior *criminal conduct* or history of *criminal activity* as an aggravating factor." *Jordan, supra,* at 410. Specifically, the Supreme Court relied upon *Simms v. State* (1981), Ind.App., 421 N.E.2d 698, 703, to hold that "[a] juvenile history detailed in a pre-sentence report filed with the trial court may suffice as evidence of a criminal history, and thus constitute an aggravating circumstance[,]" *Jordan, supra,* at 410, and *Evans v. State* (1986), Ind., 497 N.E.2d 919, 923, to hold that "the sentencing judge acted properly when he referred to a juvenile record which established that a defendant had a history of *criminal conduct* and there was a risk that this pattern could continue." (Emphasis added.) *Id.* However, *Simms,* the seminal case, called for evidence of *criminal* activity.

In *Simms,* this court determined that "a pre-sentence report filed with the court demonstrated a *history of misdemeanor and felony activity* beginning while Simms was still a juvenile. The trial court utilized *this report* in sentencing Simms[.]" (Emphases added.) *Simms, supra,* at 703. Later, it was this *Simms* case which our Supreme Court cited to support its determination that "[a] juvenile history detailed in a presentence report filed with the trial court may suffice as evidence of a *criminal history* constituting an aggravating circumstance." (Emphasis added.) *Evans, supra,* at 923, *citing Simms.*

Thus, when looking at our Supreme Court's holding in *Jordan, supra,* at 410, which stated that "the sentencing court may consider prior criminal conduct or history of criminal activity as an aggravating factor[,]" such holding must be considered in light of the case upon which it is based, i.e., *Simms;* the *Simms* holding was based upon a juvenile history containing *criminal* acts.

Consequently, we cannot conclude that the *Jordan* holding extends to those juvenile records used to determine CHINS candidates. Pursuant to the CHINS statutes, a child *need not commit a crime* to be adjudged a CHINS candidate. Rather, those children adjudged to be CHINS are *victims* of their circumstances; such can hardly be a factor used to aggravate a sentence.

Thus, the sentencing court erred when it considered "the defendant's long and troubled juvenile matter in CHINS," as an aggravating factor. Too, such error was not corrected by its subsequent "clarification." The fact that "[t]his [the sentencing] Court clarifies that the matters in aggravation were the allegations of improper conduct and maladjustment by the defendant to various placements as the matters in aggravation[,]" does no more than to rephrase symptoms of a CHINS child. Such a juvenile history does not contain the "criminal activity," envisioned by the *Simms* and *Jordan* decisions, i.e., *criminal activity* which would warrant consideration as an aggravating circumstance.

 Additionally, we find no merit to the State's assertion that the Court's determination that "it found Mr. Lane could not succeed without supervision on a merely probationary sentence and that supervision was a condition of a suspended sentence[,]" is equivalent to "[t]he person is in need of correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility." West's A.I.C. § 35–38–1–7(b)(3) (Supp.1989). The two can hardly be equivalent when Mr. Lane was not committed to a penal facility.

Consequently, as the sentencing court listed no valid aggravating factor, we remand with instructions to subtract the two (2) years enhancement from Lane's four year sentence.

HOFFMAN, P.J., and BUCHANAN, J., concur.