Edward ECTOR, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S02–9409–CR–856.

Supreme Court of Indiana.

Sept. 8, 1994.

Rehearing Denied Dec. 12, 1994.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

DICKSON, Justice.

After appellant-defendant Edward Ector entered a plea of guilty to voluntary manslaughter, the trial court imposed an enhanced sentence of twenty years rather than the presumptive ten-year sentence. In a memorandum decision, the Court of Appeals reversed, finding that the trial court erred in basing a sentence enhancement solely upon the "depreciate the seriousness of the crime" aggravator set forth in Ind.Code § 35–38–1–7.1(b)(4).

On September 30, 1991, the defendant, then enrolled at Indianapolis Arlington High School, fatally stabbed fellow-student Bertram Bowman in the school cafeteria shortly after an altercation between the two. Initially charged with murder, the defendant entered into a plea agreement whereby he pleaded guilty to a reduced charge of voluntary manslaughter, a class B felony. The plea agreement provided for a minimum sentence of ten years with the parties free to seek or resist a sentence enhancement. The trial court, finding two mitigating factors but believing them to be outweighed, imposed a ten-year enhancement, sentencing the defendant to a term of twenty years. Although discussing multiple aggravating factors, the trial court's sentencing statement used the phrase "aggravating factor" in the singular, finding that imposition of a reduced sentence would depreciate the seriousness of the crime.[1]

 The defendant asserts that it was error for the trial court to base its sentence enhancement upon what it stated to be a single aggravating factor after recognizing the existence of two mitigating factors. The defendant also argues that because "know-

ingly" and "acting under sudden heat" are the elements distinguishing murder, the greater crime with which he was originally charged, from voluntary manslaughter, the lesser crime to which he entered a plea, his intent, premeditation, and manner of use of a knife may not be utilized to support sentence enhancement.

The State counters that the trial court did not abuse its discretion in imposing the enhanced sentence and maintains that the trial court, after considering the two mitigating factors, properly based the enhanced sentence upon the defendant's premeditation in bringing a knife to school and the fact that the victim was essentially in a defenseless position when fatally wounded. The State contends that these factors support the trial court's finding that a reduced sentence would depreciate the seriousness of the crime.

 It is within the discretion of the trial court to determine the sentence to be imposed upon a defendant, and such a determination will be reversed only upon a showing of manifest abuse of that discretion. *Duvall v. State* (1989), Ind., 540 N.E.2d 34, 36. The trial court's discretion includes the weighing of aggravating and mitigating factors to impose an appropriate sentence. *Markham v. State* (1985), Ind., 484 N.E.2d 573, 575. Additionally, although a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence, the particularized individual circumstances of the criminal act may constitute a separate aggravating circumstance. *Townsend v. State* (1986), Ind., 498 N.E.2d 1198, 1201.

 The "depreciate seriousness" aggravator is seen in two different variations. The most common version is the one expressly

---

1. At the sentencing hearing, the trial court stated:

 "I find ... that there are two (2) mitigating factors in this situation. That there is no history of criminal activity and that there is remorse. I find that there is an aggravating factor which counter-balances and out balances those two (2) mitigating factors. That aggravating factor is that imposition of a reduced sentence in this case would depreciate the seriousness of this crime. And that is evidenced by the fact that the Defendant carried a kitchen carving knife to school, a

morning after he had been fighting, a few days previously, with his close friend. That to me indicates an intent to injure and premeditation. Further, the victim was in a supplicatory position when he was struck by the Defendant with a knife.... He was defenseless. Based upon my balance on ... that aggravating factor and the mitigating factors, I sentence the Defendant to the Department of Corrections for classification and confinement for a period of twenty (20) years." Record at 269–70.

designated as a possible aggravating circumstance by the felony sentencing statute, Ind. Code § 35–38–1–7.1(b)(4), that "[i]mposition of a *reduced* sentence ... would depreciate the seriousness of the crime" (emphasis added). The defendant correctly observes that this aggravator cannot be used to justify an enhanced sentence. This aggravating factor may be used only when considering the imposition of a sentence of shorter duration than the presumptive sentence. *Evans v. State* (1986), Ind., 497 N.E.2d 919, 923.

 An alternate form of the "depreciate seriousness" aggravator focuses upon the imposition of an enhanced, rather than a reduced, sentence. Although not enumerated in the sentencing statute, consideration of such as an aggravating circumstance is permitted because the statutory list of aggravating factors is not exclusive. Ind.Code § 35–38–1–7(d). This Court has thus upheld sentence enhancement based upon a finding that a sentence less than an *enhanced* term sought by the prosecution would depreciate the seriousness of the crime. *Evans*, 497 N.E.2d at 923–24.

In this case, the trial court did not make an *Evans* finding, and the plea agreement precluded consideration of a sentence less than the ten-year presumptive sentence. Therefore, the trial court could not properly rely solely upon the "depreciate seriousness" statutory aggravator to enhance the defendant's sentence.

However, the trial court did particularly note that the defendant brought a knife to school, indicating both an intent to injure and premeditation, and that he stabbed the victim while the latter was in a defenseless, supplicatory position. We find that the trial court's discussion of these circumstances provides an acceptable articulation of aggravating factors supporting the imposition of an enhanced sentence.

We also find that these aggravating factors, as particularized individual circumstances of the criminal act, constitute circumstances separate and distinct from the general elements of the crime charged. The trial court did not err in enhancing the presumptive ten-year sentence.

Transfer is granted. The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN, and SULLIVAN, JJ., concur.