Rodney S. JORDAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49S02–8709–JV–799.

Supreme Court of Indiana.

Dec. 16, 1987.

Susan K. Carpenter, Public Defender, Vickie Yaser, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson–Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

PER CURIAM.

Petition for rehearing denied.

SHEPARD, Chief Justice, concurring.

This action commenced when Rodney S. Jordan filed a petition for post-conviction relief by which he sought to set aside his 1965 adjudication of delinquency. The trial court denied his petition on the grounds that a determination of delinquency was not a conviction and that the post-conviction rules do not apply to delinquency matters. The Court of Appeals reversed, holding that they do. *Jordan v. State* (1986), Ind.App., 499 N.E.2d 759. We granted transfer and affirmed the trial court. *Jordan v. State* (1987), Ind., 512 N.E.2d 407.

While I join in the decision to deny rehearing, I wish to record reasons somewhat different than those I held when we originally decided the case.

I am inclined to agree with Justices DeBruler and Dickson, who dissented from the Court's initial decision, that there must be some method by which a criminal defendant may challenge a prior adjudication of delinquency. In situations such as Jordan's, that adjudication constitutes a judicial determination that the child declared delinquent did commit the act which is the subject of the allegation. Ind.Code

§ 31–6–4–1. Thus, it was not enough for those of us in the majority to say that when a juvenile adjudication appears later in a presentence report that it is the *history* of criminal activity which is considered by the court and not the adjudication itself. The adjudication indicates that the history is correct. It elevates the history from allegation to fact.

Still, one may accept the idea that a remedy should be available without agreeing that the post-conviction rules are the appropriate means. Although the increasing formality of the juvenile system makes it look more and more like the criminal law system, both judges and legislators continue to assert that there are important differences. The General Assembly has flatly declared that a delinquency adjudication may not be "considered a conviction of a crime," Ind.Code § 31–6–3–5(b). If this policy is to retain some vitality, we should be cautious about actions which cut the other way.

For these reasons, and because I think that other avenues such as Trial Rule 60 are still open to Jordan, I am not presently prepared to embrace use of our post-conviction rules for these sorts of cases.

SHEPARD, C.J., and GIVAN and PIVARNIK, JJ., vote to deny rehearing.

DeBRULER and DICKSON, JJ., would grant rehearing.