Mark E. DAY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 40S00–8704–CR–449.

Supreme Court of Indiana.

Oct. 10, 1990.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

This case prompts us to articulate a standard for appellate review of trial court sentencing decisions which rest in part on impermissible grounds. A sentence supported by permissible grounds sufficient to persuade the reviewing court that the original sentencing decision would have been the same had the trial court not relied on the impermissible factor should be affirmed. When the appellate court cannot reach that conclusion with confidence, it should remand for a new sentencing or revise the sentence on appeal.

Appellant Mark Day was tried before a jury and convicted of attempted rape, a class B felony, Ind.Code §§ 35–41–5–1, 35–42–4–1 (West 1986); criminal confinement, a class D felony, Ind.Code § 35–42–3–3 (West 1986); and two counts of battery, class A misdemeanors, Ind.Code § 35–42–2–1 (West 1986). The trial court sentenced Day to twenty years for the attempted rape conviction enhanced by thirty years upon a finding that he was an habitual offender, four years for the criminal confinement conviction, and one year for each battery. The court ordered all sentences served consecutively, for a total of fifty-six years.

In sentencing Day, the trial court said: The Court has imposed a maximum sentence allowed under the law for each count and has further ordered that they be served consecutively. The reasons for the sentence are your prior convictions included in the pre-sentence report which include criminal deviate conduct, battery and criminal confinement under a conviction of May the 10th, 1979 which also include assault and battery with intent to commit a felony under date of October 25th, 1975 which also include various offenses charged in uh disposed of uh while you were a juvenile all of which include crimes against the opposite sex and all of which include facts of sexual violence upon females.

Record at 532–33. The convictions in 1975 and 1979 included those on which the habitual offender finding was based. While the record reveals the existence of those convictions, it does not contain any information about the facts underlying them. The presentence report indicates four arrests when Day was a juvenile. The first was an arrest for violation of curfew; the presentence shows that the "sentence" was "released to parents," suggesting an informal adjustment. The other three arrests were for attempted breaking and entering, assault and battery, theft, and malicious trespass. For each of these, the presentence report indicates "No Disposition."

Appellant argues that the trial court erred in using his juvenile record as a basis for enhancing his sentence and ordering the sentences served consecutively. The first suggestion that a juvenile record might be used to support an enhanced sentence appeared in *Simms v. State* (1981), Ind.App., 421 N.E.2d 698. The presentence report in that case contained a "history of misdemeanor and felony activity beginning when Simms was a juvenile." 421 N.E.2d at 703. The trial court had relied on the history contained in the report and specifically on one conviction for burglary as grounds for an enhanced sentence. The Court of Appeals affirmed, saying that the

trial court's sentencing statement "represented at least one reason for imposing consecutive and enhanced sentences." *Id.*

This Court relied on *Simms* in deciding *Evans v. State* (1986), Ind., 497 N.E.2d 919. The presentence report on Delmon Evans presented details about his juvenile record, including one commitment to Boys School for an incident involving a knife. The judge who ordered this commitment also presided over Evans' trial for murder and robbery. The trial court had relied on the information contained in the presentence report in finding that Evans had "a history of criminal activity," a statutory aggravating circumstance under Ind.Code § 35–38–1–7 (West 1986). We concluded that this finding was adequately supported, saying: "A juvenile history detailed in a presentence report filed with the trial court may suffice as evidence of a criminal history constituting an aggravating circumstance. *Simms v. State* (1981), Ind.App., 421 N.E.2d 698." *Evans*, 497 N.E.2d at 923.

In sentencing Day, the trial court relied on prior convictions and listed all Day's adult convictions and the "various offenses ... disposed of ... while you were a juvenile" and declared that these all involved sexual violence against females. While it is possible that the sentencing judge knew about these juvenile offenses because he presided over them, the presentence report and the rest of the record before the trial court neither revealed any facts about the events constituting Day's juvenile history nor demonstrated any adjudications.

The trial court's reliance on the available juvenile record was error. The details of criminal activity may be used to demonstrate a history of criminal activity when a juvenile court has determined that those acts were committed. When a juvenile proceeding ends without a disposition, the mere fact that a petition was filed alleging delinquency does not suffice as proof of a criminal history.[1] Indeed, even when a juvenile court *has* made a determination of delinquency, only the acts committed by the juvenile may constitute a criminal history to support enhancement of a sentence. *Jordan v. State* (1987), Ind., 512 N.E.2d 407, *reh'g denied*, 516 N.E.2d 1054. As Justice Pivarnik wrote, "An adjudication of delinquency is not a fact that can be used by a sentencing court to enhance a criminal sentence." *Jordan*, 512 N.E.2d at 410. Concurring in denial of rehearing, I emphasized that the adjudication does play an important role in establishing a history of criminal behavior as a juvenile: "The adjudication indicates that the history is correct. It elevates that history from allegation to fact." *Jordan*, 516 N.E.2d at 1055.

■ Having concluded that the trial court's reliance on Day's juvenile record was erroneous, we come to consider the effect of the error on Day's sentence. In some cases, it is apparent that the impermissible factor played a relatively unimportant role in the trial court's decision and that other aggravating circumstances were sufficient to sustain the trial court's decision. In *Simms*, for example, the trial court ordered consecutive four-year sentences for two class D felonies. *Simms*, 421 N.E.2d at 699. The Court of Appeals was satisfied that Simms' prior conviction for burglary was sufficient to support this sentence; it was the maximum available but it was relatively modest as sentences go. When a reviewing court can identify sufficient aggravating circumstances to persuade it that the trial court would have entered the same sentence even absent the impermissible factor it should affirm the trial court's decision. When a reviewing court cannot say with confidence that the permissible aggravators would have led to the same result, it should remand for resentencing by the trial court or correct the sentencing on appeal.

■ In this case, we cannot say with confidence that the trial court's decision is clearly supportable absent reliance on the juvenile record. First, unlike the maximum sentence in *Simms*, the maximum sentence

---

1. We save for another day the question of whether, in the absence of an adjudication, the prosecution might establish a history of criminal acts committed as a juvenile through independent evidence offered during the sentencing hearing for an adult offense.

here imposed is fifty-six years. Second, two of the convictions used to increase the sentence are the same ones which support the habitual offender determination. Third, while the presentence report discusses Day's proclivity for violence against women, the record as it presently stands on appeal does not demonstrate that the convictions on which the trial court relied were for acts of sexual violence against females. In short, while there may be an adequate justification for a fifty-six-year sentence, reliance on Day's juvenile record played more than a minimal part in the trial court's decision. We cannot say with confidence that Day would have been sentenced to fifty-six years without it. We vacate that decision and remand for a new sentencing hearing.

### Other Allegations of Error

■ A. *Habitual Offender Evidence.* Appellant argues that there is no evidence to prove that his 1980 criminal deviate conduct conviction arose from acts occurring after his 1976 felony conviction. The statute creating the crime of criminal deviate conduct, however, did not become effective until October 1, 1977.[2] Day could have been charged with criminal deviate conduct only if he had committed the crime after October 1, 1977, a date subsequent to his 1976 conviction.

■ B. *Denial of Mistrial.* Appellant contends the trial court should have granted a mistrial after the prosecutor cross-examined Day's father on the subject of Day's having lived with his father for a year before the present crimes. The prosecutor asked, "Do you know where he lived prior to that?" The court sustained an objection and the question was never answered. Counsel contends this question was designed to inform the jury of Day's former residency in prison. Regardless of the prosecutor's intent, we conclude that the unanswered question did not provide any inference about Day's criminal past.

■ C. *Change of Venue.* To support his motion for change of venue, Day sub-

mitted a single newspaper article and the testimony of its author, who testified that if she were a juror the facts presented in the article would not influence her decision. The article was minimal evidence. Its value was diminished by its author's testimony and by the seating of an apparently impartial jury. The trial court did not err in denying the motion. *Linthicum v. State* (1987), Ind., 511 N.E.2d 1026.

■ D. *Refused Instructions.* Day asserts error in the trial court's refusal of his instructions on attempted rape. Because the trial court gave substantially similar instructions of its own, refusal of Day's instructions was not error. *Blevins v. State* (1973), 259 Ind. 618, 291 N.E.2d 84.

■ E. *Prosecutorial Misconduct in Final Argument.* Day challenged the credibility of the witnesses identifying him as the individual convicted of the prior felonies alleged in the habitual charge; the witnesses were the prosecutor in the 1976 case and the judge from the 1980 case. The conviction documents themselves did not contain any photographs. In rebuttal, the prosecutor said:

> Mr. Dove submits that these commitment papers should have had pictures on them to prove that this man is the same Mark Day named in the papers. Well, I submit that we could have brought in a whole file cabinet full of pictures of the man but the proof could not be more evident than it is.

Record at 177. We conclude that this statement was susceptible to several interpretations, that its probable impact on the jury was minimal, and that it does not provide adequate cause for reversal. *Cf. Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843.

We affirm Day's convictions but remand for a new sentencing.

DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents with opinion in which PIVARNIK, J., joins.

**2.** Act of Apr. 12, 1977, Pub.L. No. 340, §§ 37, 151, 1977 Ind.Acts 1533, 1551–52, 1611 (amend-ing Act of Feb. 25, 1976, Pub.L. No. 148, §§ 2, 28, 1976 Ind.Acts 718, 733–34, 817).

GIVAN, Justice, dissenting.

I cannot agree with the majority's decision to remand this case to the trial court for new sentencing. The majority concedes that the trial court gave ample reasons including prior criminal convictions of appellant as an adult to support the sentences rendered.

In *Sullivan v. State* (1989), Ind., 540 N.E.2d 1242, we faced a similar situation. There we found that the trial court had used other proper facts and circumstances that supported the imposed sentences so that the inclusion of the juvenile factors would have been harmless if it were error. I would use the same reasoning in the case at bar.

It is obvious that upon remand the trial court simply will render the same decision without commenting upon appellant's prior juvenile record. I cannot justify the imposition upon the trial court for such an exercise.

PIVARNIK, J., concurs.