## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 04 2016, 7:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael K. Ausbrook
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Wheeler, *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, *Appellee-Respondent.* | August 4, 2016 <br><br> Court of Appeals Case No. 49A02-1509-PC-1436 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa F. Borges, Judge <br> The Honorable Anne Flannelly, Magistrate <br><br> Trial Court Cause No. 49G04-8808-PC-78324 |

**Kirsch, Judge.**

[1] Anthony Wheeler ("Wheeler") was convicted of and sentenced for two counts of criminal deviate conduct, as Class A felonies, two counts of burglary, as Class B felonies, and two counts of confinement, also as Class B felonies. His convictions were affirmed on appeal. Wheeler now appeals the denial of his successive petition for post-conviction relief contending that the post-conviction court erred in denying his petition and raises the following restated issues:

I. Whether Wheeler's due process rights were violated when he was sentenced to an enhanced and consecutive sentence of ninety years; and

II. Whether Wheeler received ineffective assistance of his trial counsel.

[2] We affirm.

## Facts and Procedural History

[3] The facts supporting Wheeler's convictions as set forth by this court in an unpublished decision on his appeal of the denial of his first petition for post-conviction relief are as follows:

> [O]n June 22, 1988, the victim, S.M.A., was approached by Wheeler when she stopped to use the phone on her way home from work. Wheeler asked her for a cigarette. She gave him one and lit it for him and then went home.
>
> S.M.A. had intended to lay out in the sun in her backyard when she got home. Upon arriving home, she placed some pillows in her back yard. She went back inside to change into her bathing suit but did not lock the back door. As she came out of the

bathroom, she encountered Wheeler in the hallway. Wheeler had rope wrapped around both hands and was holding a knife. He grabbed S.M.A. by the neck and threw her back into the bathroom into the bathtub causing her to strike her head on the bathtub. Wheeler then forced her to commit an act of fellatio upon him. Next, he turned her around, pulled her bathing suit off, leaned her over the bathtub and raped her from behind. He ordered her to remain there for a few minutes as he was going to leave.

S.M.A. did not report the above incident to the police. She stayed away from her home for approximately three weeks. Upon S.M.A.'s request, her landlord secured her windows by placing nails into the sills.

On July 21, 1988, Wheeler broke into S.M.A.'s house late at night through a window and attacked S.M.A. as she lay there sleeping on the couch in the living room with her son. Wheeler threatened her with a knife and told her he would cut her throat if she made any noise that might wake up her boyfriend who was sleeping in the bedroom. He also threatened to kill her boyfriend if she should wake him up. Wheeler grabbed S.M.A. by the hair and forced her to commit an act of fellatio upon him. He then forced her to the floor and made her get down on all fours and raped her from behind. Wheeler then led S.M.A. by the arm into the kitchen and later had her walk him to the front door. S.M.A. did not resist because she feared further violence.

Before leaving, Wheeler asked S.M.A. if he could return. She agreed to allow Wheeler to return the following Monday night after 8:00 p.m. She called the police the morning after the second attack. The police were present and arrested Wheeler when he arrived at S.M.A.'s home the following Monday night.

On August 1, 1988, the State charged Wheeler with two counts of burglary as class B felonies (Counts I and V); two counts of

criminal deviate conduct as class A felonies (Counts II and VI); two counts of confinement as class B felonies. (Counts IV and VIII). Counts I through IV stemmed from the incident on July 21, 1988, and Counts V through VIII stemmed from the incident that occurred on June 22, 1988. Wheeler was eventually released on bond. On October 4, 1988, the State moved to revoke Wheeler's bond, alleging as the basis therefrom that Wheeler had been arrested for an attempted rape on September 11, 1988. Following an evidentiary hearing, the trial court denied the State's request to revoke Wheeler's bond.

Following a two-day jury trial that commenced on April 17, 1989, Wheeler was found guilty as charged. At a May 12, 1989 sentencing hearing, defense counsel asked the court to consider the fact that the charges against Wheeler stemming from the September 11 incident had been dismissed. In response, the State informed the court through the testimony of a deputy prosecutor that those charges were dismissed because of Wheeler's convictions in the instant case and because of the victim's reluctance to testify. The State pointed out that although the charges were dismissed the evidence against Wheeler was strong; noting specifically that the victim in the September 11 incident had identified Wheeler as her attacker. In setting forth the sentence imposed, the trial court stated:

> I don't think I can ignore the fact that again, while the defendant was out on this particular matter, the 9/11/88 offense was committed. And as the Pre-Sentence Investigation Report indicate [sic] the aggravating circumstances certainly outweigh the mitigating in this particular matter. The aggravating especially being as outlined in the Pre-Sentence Investigation Report, namely, that the defendant is in need of correctional rehabilitative treatment that can best be provided by his commitment to a penal facility; imposition of a reduced sentence would depreciate the seriousness of the offence, and by reason of

those matters of aggravation, the court at this time, Mr. Wheeler, will sentence you to the Indiana Department of Corrections [sic].

The trial court sentenced Wheeler to an aggregate term of ninety years—thirty-five years for each class A felony conviction and ten years for each class B felony conviction, with the sentences for the felony convictions resulting from each attack to run consecutively to each other and the two sets of four convictions (each set representing one attack) to run concurrently.

On direct appeal, Wheeler's appellate counsel presented the following issues for this court's review: (1) Whether the trial court's sentencing statement was sufficient to support the imposition of enhanced and consecutive sentences; (2) whether Wheeler's ninety-year sentence was unconstitutional; (3) whether Wheeler received ineffective assistance of trial counsel; and (4) whether the evidence of penetration was sufficient to support Wheeler's rape convictions. This court affirmed Wheeler's convictions in a memorandum decision. As part of its analysis of Wheeler's first sentencing claim, this court noted that "the trial court did state a specific fact which supported the imposition of enhanced and consecutive sentences – that Wheeler was arrested and charged with the '9/11/88 offense' . . . ." Slip op. at 7. Our court docket and the trial court's chronological case summary indicate that Wheeler, pro se, filed a petition for rehearing that was denied by this court and a petition for transfer, which our Supreme Court denied. On July 5, 2005, Wheeler filed a pro se petition for post-conviction relief. On January 2, 2007, the State responded to Wheeler's PCR petition, raising res judicata and laches as affirmative defenses. On April 6, 2009, Wheeler, by counsel, requested permission to amend Wheeler's pro se petition for post-conviction relief. In his amended PCR petition, Wheeler claimed his appellate counsel was ineffective for failing to challenge the trial court's finding that the September 11 offenses were "committed" while Wheeler was out on bond in

the present case. Wheeler maintains that this is an erroneous historical fact that could not have been used to support imposition of enhanced and consecutive sentences. The post-conviction court held evidentiary hearings on June 9, 2009 and January 19, 2010. Wheeler stipulated that he never requested assistance from the trial court or from his appellate counsel in filing his petitions for rehearing and transfer. Copies of Wheeler's petitions for rehearing and transfer were not made part of the record in Wheeler's PCR proceeding. The parties also stipulated to the admission of an affidavit from Wheeler's appellate counsel in which counsel stated that he had no specific recollection of his handling of Wheeler's appeal. On January 5, 2011, the post-conviction court entered its order denying Wheeler his requested relief.

*Wheeler v. State*, No. 49A02-8907-CR-332, slip op. at *2-3. (Ind. Ct. App. Mar. 14, 1991); *see also Wheeler v. State*, No. 49A02-1101-PC-22, slip op. at *1-8 (Ind. Ct. App. Sept. 2, 2011, *reh'g denied, trans. denied*. (internal citations omitted).

A panel of this court held as follows:

> . . . [W]e note that in deciding Wheeler's sentencing claims, this court found that Wheeler had been "arrested and charged" with the September 11 offenses and that such had occurred while Wheeler was out on bond. This court did not find that Wheeler actually committed the offenses. This is a fair reading of the trial court's sentencing statement. Further, the record is clear that all the parties and the trial court were aware that the charges had been dismissed because of the convictions in this case and the victim's reluctance to testify. The argument Wheeler now seeks to put forth is unavailing as it requires a very narrow reading of parts of the record in isolation.

*Id*. at *4. The court continued:

Moreover, even if appellate counsel had presented the argument in more explicit terms, Wheeler has not shown that his sentence would have been reversed. As noted above, it is clear from the record that the parties and the trial court were well aware that the charges against Wheeler for the September 11 incident had been dismissed. The State presented evidence during the sentencing hearing explaining that the charges were being dismissed in part because of the convictions in this case as well as the reluctance of the victim of the September 11 offenses to testify. [. . .] Wheeler does not deny the fact that he was arrested and charged for the September 11 incident and does not argue that such fact could not be considered as support for imposition of enhanced and consecutive sentences.

*Id*. at *5.

Wheeler, by counsel Brent Westerfeld, pursued an appeal of the denial of his petition for post-conviction relief, regarding two of the PCR issues: (I) whether Wheeler's appellate counsel was ineffective for failing to argue on direct appeal that the trial court had enhanced his sentence based on an impermissible factor, specifically that the trial court had relied upon "an erroneous historical fact . . . that while Wheeler was out on bond on his particular matter, the 9/11/88 offense was committed;" and (II) whether Wheeler's appellate counsel was ineffective for failing to seek rehearing and/or transfer, arguing that appellate counsel (a) should have sought rehearing because the appellate court had made a misstatement of fact when it concluded that the trial judge had used the arrest and charge for the 9/11/88 offense as an aggravating circumstance when the trial judge instead had found that the 9/11/88 offense was committed while Wheeler was on bond in this case, and (b) should have sought rehearing and/or transfer in light of *Tunstill v. State*, 568 N.E.2d 539 (Ind. 1991), decided two weeks after the appellate court's decision in this case was handed down. The Indiana Court of Appeals affirmed the denial of post-conviction relief [citing that]

Wheeler's claim was "unavailing as it required a very narrow reading of the parts of the record in isolation." The Indiana Supreme Court denied transfer on November 16, 2011.

*Appellant's App*. at 21-22. (internal citations omitted).

[4] Wheeler, *pro se*, filed to expunge the record of his September 11, 1988 arrest in June of 2012. The petition was denied on June 15, 2012, but Wheeler filed a motion to correct error. *Id*. On September 5, 2012, the Indianapolis Metropolitan Police Department filed an objection to the petition. The trial court held a hearing on the motion to correct error on December 13, 2012 and ordered Wheeler's September 11, 1988 arrest record expunged.

> On May 17, 2013, the Indiana Court of Appeals authorized Wheeler's filing of a *pro se* successive petition for post-conviction relief. The successive petition was then filed with the post-conviction court on July 6, 2013, claiming as grounds for relief: (a) that he received ineffective assistance of trial, appellate, and post-conviction counsel pertaining to the 9/11/88 charge and arrest used as an aggravating circumstance at sentencing; (b) that the trial court abused its discretion in relying on a "misrepresentation of facts" in imposing enhanced and consecutive sentences resulting in a violation of due process rights; and (c) that recent expungement of the 9/11/88 arrest renders it impermissible to support the previously-imposed sentence.

*Appellant's App*. at 22.

[5] Wheeler's successive post-conviction relief evidentiary hearing was held on August 19, 2014. *Id*. All parties stipulated that Michael Siegel represented

Wheeler during his trial in this matter and that he was deceased and therefore not able to testify in the original post-conviction relief proceedings. *Id.* at 23. The post-conviction affidavit of Wheeler's appellate counsel, Kenneth Roberts, reflects that he did not have any files regarding Anthony Wheeler and no independent recollection of his appeal. *Id.* at 24.

[6] Brent Westerfeld ("Westerfeld") represented Wheeler during his first PCR proceeding and testified at Wheeler's successive PCR hearing that he and Wheeler challenged appellate counsel's effectiveness and also raised a free-standing error regarding the aggravated sentence based on an act of which Wheeler had not been convicted. *Id.* at 25. Westerfeld testified that he attempted to find out whatever he could regarding the investigation of the September 11 incident. He looked through the entire prosecution file and tried to track down the complainant of the September 11 incident, but he could not locate her. *Tr.* at 41-42. Westerfeld could not talk to trial counsel as he had passed away, and appellate counsel had absolutely no memory of the case despite attempts to refresh his memory. *Id.* Westerfeld testified during the successive PCR hearing about his representation during Wheeler's first post-conviction proceedings that he does not remember if he attempted to look at the court file for the September 11th incident, and his experience with dismissed cases is that the court files are destroyed and not microfilmed. *Id.* However, it is his practice to attempt to recover all documents related to a case. *Id.*

[7] Westerfeld did not have an opinion regarding the expungement and whether he should have pursued one. *Id.* at 39. He explained that the argument he

pursued on behalf of Wheeler was that the trial court had incorrectly stated that Wheeler had committed the offense. Therefore, Westerfeld's focus throughout was not whether Wheeler was arrested; a record of arrest for that offense was irrelevant according to Westerfeld. *Appellant's App*. at 26.

[8]  Following Wheeler's successive post-conviction proceeding, the court concluded that whether Wheeler received ineffective assistance of trial counsel was an issue raised, reviewed, and decided adversely to Wheeler in his direct appeal and first post-conviction relief proceeding . *Appellant's App*. at 34. The successive post-conviction court also concluded that the post-conviction court properly found the claim unavailable due to res judicata. *Id*. Wheeler also claimed that his post-conviction relief counsel was ineffective. *Id*. The successive post-conviction court said that the Indiana Supreme Court has held that a claim of defective performance of post-conviction counsel "poses no cognizable grounds for post-conviction relief" and denied Wheeler's claim again. *Id*. at 36.

[9]  In response to Wheeler's claims that the post-conviction court abused its discretion in his first request for post-conviction relief, the successive post-conviction court concluded that the information used to aggravate Wheeler's sentence was knowable and available at the time of trial, direct appeal, and the first post-conviction relief effort. *Id*. at 37. Furthermore, the trial court's sentencing statement was reviewed by this court

> "to determine that it was sufficient to justify the imposition of enhanced and consecutive sentences, whether the court ignored

mitigating factor, whether the court's consideration of the 9/11/88 arrest was proper, and whether Wheeler's sentence was unconstitutional as grossly out of proportion to the severity of the crimes constituting cruel and unusual punishment."

*Id.* at 38. Finding that this issue was examined and affirmed on direct appeal and in the first post-conviction relief, the successive post-conviction court determined that Wheeler's right to bring those claims had been waived and further review was barred. *Id.* at 37-39.

[10] The successive post-conviction court did not bar Wheeler's claim that the aggravator involved in the September 11, 1988 charge and arrest relied upon by the sentencing court had recently been expunged from Wheeler's arrest record, rendering the aggravating circumstances "impermissible as a matter of law to support the sentence." That issue was unavailable at the time of Wheeler's trial, direct appeal, and first post-conviction relief proceedings. *Id.* at 39. However, the successive post-conviction court concluded that: (1) Wheeler's sentence included multiple aggravators and one is enough to aggravate a sentence; and (2) even when a trial court considers improper aggravators in imposing a sentence, the sentence will be affirmed if it is otherwise supported by a legitimate aggravator. *Appellant's App*. at 39-40. The successive post-conviction court concluded that sufficient aggravators remained to support Wheeler's sentence in the pre-sentence report and denied Wheeler post-conviction relief. Wheeler now appeals.

# Discussion and Decision

[11]    Indiana has long deemed post-conviction proceedings to be collateral, quasi-civil and totally separate and distinct from the underlying criminal trial. *Hall v. State*, 849 N.E.2d 466, 472 (Ind. 2006). Post-conviction proceedings are not an opportunity for the petitioner to file a super appeal, but rather, present a chance to raise issues that were unknown or unavailable at the time of the original trial or direct appeal. *Turner v. State*, 947 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied*. Post-conviction rules contemplate a "*narrow remedy* for subsequent collateral challenges to conviction." *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006) (emphasis in original). Wheeler must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5).

[12]    In reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the judgment. *Hall v. State*, 849 N.E.2d 466, 468 (Ind. 2006). We cannot reweigh the evidence or reexamine the credibility of the witnesses. *Id*. at 468-69. The post-conviction court here made findings of fact and conclusions thereon, which "will be reversed only upon showing a clear error—that which leaves [this court] with a definite and firm conviction that a mistake has been made." *Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014) (citing *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000)).

[13]    Not all issues are available for post-conviction review. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001) (citing *Rouster v. State*, 705 N.E.2d 999, 1003 (Ind.

1999)). For example, issues that were known and available, but not raised on direct appeal, are waived. *Id.* (citing *Rouster*, 705 N.E.2d at 1003). Moreover, issues that have already been raised, and decided adversely are res judicata. *Id.* (citing *Rouster*, 705 N.E.2d at 1003).

## I. Due Process

Wheeler argues that his federal due process rights were violated because he was not sentenced on materially accurate information, and this case represents "an extreme malfunction in the state's criminal justice system." *Appellant's Br*. at 13. Wheeler contends that his now-expunged arrest record, regarding the September 11, 1988 incident, was the principle justification for Wheeler's enhanced and consecutive sentence totaling ninety years. He also argues that the sentencing court did not give enough weight to his absolute lack of criminal history or arrest record under *Loveless v. State*, 624 N.E.2d 947, 976 (Ind. 1994) (stating that age and lack of delinquent or criminal record "deserve substantial mitigating weight"). We disagree.

Contrary to Wheeler's claim, this case does not involve "an extreme malfunction in the state's criminal justice system." *Appellant's Br*. at 13. Society has a large interest in ensuring the finality of convictions and upholding the integrity of the criminal justice system. *Jackson v. State*, 826 N.E.2d 120, 129 (Ind. Ct. App. 2005), *trans. denied*. All parties, including Wheeler, were aware that the case from the September 11, 1988 incident was dismissed because the State had obtained eight other felony convictions and the victim was reluctant

to testify. The record shows the prosecution was also attempting to use resources responsibly by not over prosecuting Wheeler. *Appellant's App.* at 30-31. Wheeler cannot now take advantage of the State's discretion to avoid prosecutorial "over-kill" in not pursuing those charges. *Id.*

[16] Even if Wheeler's arrest record was expunged at the time of sentencing, the expungement would not have prevented the prosecution from discussing the September 11, 1988 incident. "Uncharged misconduct is a valid aggravator." *Singer v. State*, 674 N.E.2d 11, 14 (Ind. Ct. App. 1996). The only case that Wheeler relied on for this point, *Day v. State*, 560 N.E.2d 641 (Ind. 1990), involved juvenile records, and did not mention expungement. In *Day*, our Supreme Court explained that when juvenile proceedings end without a disposition, "the mere fact that a petition was filed alleging delinquency does not suffice as proof of a criminal history." *Id.* at 643. Even accepting the differences between the juvenile proceedings in *Day* and the adult proceedings here, *Day* can be distinguished further from the instant case because it did not involve expungement, but delinquency proceedings without a disposition. *Id.* *Day* does not change the fact that Wheeler's conduct on September 11, 1988, could be a valid aggravating factor with or without expungement of that arrest record. *Lockard v. State*, 600 N.E.2d 985, 987-88 (Ind. Ct. App. 1992) (citing *Hensley*, 573 N.E.2d 913, 917 (Ind. Ct. App. 1991)).

[17] Here, the pre-sentence investigation report included the following aggravating factors: Wheeler raped the same victim on two separate occasions; Wheeler threatened to kill both the victim and her boyfriend; Wheeler attacked the

victim while the victim's young son was asleep in the same room; Wheeler stated that he believed he had consent despite breaking into the victim's residence, threatening the victim, the victim having verbally refused; and Wheeler's history of inappropriate sexual behavior to subordinates at work. *Id.* at 32. The fact that Wheeler was arrested while out on bond could have been used as an aggravating factor. *Concepcion v. State*, 567 N.E.2d 784, 791 (Ind. 1991) ("[T]he nature of the crimes and the manner in which the crimes were committed may be considered as aggravating circumstances."). Wheeler's sentence would have likely been the same with or without the mention of his conduct on September 11, 1988.

## II. Ineffective Assistance of Trial Counsel

[18] Wheeler further contends that his trial counsel was ineffective because he failed to more fully investigate the circumstances surrounding the September 11, 1988 incident. The State contends, and we agree that this claim is barred by res judicata. The doctrine of res judicata "prevents the repetitious litigation of that which is essentially the same dispute." *State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000). Wheeler "cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define the alleged error." *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000).

[19] Wheeler first raised ineffective assistance of trial counsel during his direct appeal proceedings, and the claim was litigated and decided adversely to Wheeler. Successive claims are barred by res judicata. Furthermore, as stated

above, expungement of the September 11, 1988 incident would likely not have changed Wheeler's sentence, as there were multiple other aggravators to use. The post-conviction court did not err when it denied Wheeler's successive petition for post-conviction relief.

[20]     Affirmed.

[21]     Riley, J., and Pyle, J., concur.