## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 13 2019, 5:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa A. Moody
Princeton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ashley N. Sanders,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 13, 2019

Court of Appeals Case No.
19A-CR-419

Appeal from the Gibson Superior Court

The Honorable Robert Krieg, Judge

Trial Court Cause No.
26D01-1809-F4-1075

**Robb, Judge.**

# Case Summary and Issues

[1]     Ashley Sanders pleaded guilty to two counts of causing death when operating a motor vehicle with an alcohol concentration equivalent ("ACE") to .15 or more, both Level 4 felonies, and admitted to the infraction of driving too fast for conditions. The trial court sentenced Sanders to an aggregate sentence of twenty-four years, with twenty-one years to be executed in the Indiana Department of Correction ("DOC") and three years suspended to probation, to be served on home detention. On appeal, Sanders raises two issues, which we restate as: 1) whether the trial court abused its discretion in determining and weighing the aggravating and mitigating circumstances in imposing her sentence, and 2) whether her sentence is inappropriate in light of the nature of the offense and her character. Concluding the trial court did not abuse its discretion with respect to the aggravating and mitigating circumstances and Sanders' sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2]     Sanders is twenty-five years old and married with two young children, ages eight and nine. On the evening of September 1, 2018, Sanders went to dinner with her aunt and "had a few drinks[.]" Appellant's Appendix, Volume II at 34. After running errands, Sanders was driving alone on Old Highway 41 in Gibson County when she struck the rear of a vehicle occupied by two men. Both men were pronounced dead at the scene and Sanders sustained significant injuries that required she be life-flighted to the hospital. While at the scene,

officers noticed a strong odor of alcohol emanating from Sanders and therefore, requested a blood draw. The toxicology report showed Sanders' blood alcohol content ("BAC") was 0.272,[1] and she also tested positive for cannabinoids and methamphetamine.

[3]     In late September, Sanders was arrested. She placed her children with family members during these proceedings. The State charged Sanders with two counts of causing death when operating a motor vehicle with an ACE of .15 or more, both Level 4 felonies.[2] The trial court granted Sanders bond and placed her on home detention. On January 4, 2019, Sanders entered a plea of guilty to these charges and also admitted to the infraction of driving too fast for the conditions; sentencing was left to the trial court's discretion.

[4]     At sentencing, the following information was available to the trial court: Sanders has three prior convictions that occurred in 2011 and 2012: 1) battery resulting in bodily injury, 2) minor consumption, and 3) failure to stop after an accident. Sanders was sentenced to probation for the battery conviction; she violated her probation because of the minor consumption arrest. Sanders' probation officer testified at the sentencing hearing that Sanders tested positive for drugs during her probation and did not complete drug counseling. Under

---

[1] The legal alcohol limit in Indiana is .08. Ind. Code § 9-30-5-1.

[2] The State also charged Sanders with two counts of causing death when operating a motor vehicle with a schedule I or II controlled substance in the blood, both Level 4 felonies, and several infractions. Appellant's App., Vol. II at 14-17, 24-25. However, these charges were dismissed as part of the plea agreement. *Id*. at 26.

questioning by the trial court, the probation officer also confirmed that Sanders affirmatively stated she did not have "any trouble when she was a juvenile" even though she had a referral that was ultimately not prosecuted. Transcript of Evidence, Volume 2 at 41-42.

[5] Sanders' presentence investigation report ("PSI") revealed "she began using marijuana when she was 15 years old[,]" and methamphetamine and alcohol at age 21. Appellant's App., Vol. II at 36. The Indiana Risk Assessment System ("IRAS") Community Supervision Tool completed as part of the PSI showed Sanders had a "high" risk of reoffending. *Id*.

[6] After hearing testimony and argument from counsel, the trial court found the following mitigating circumstances: 1) the time since Sanders' last criminal conviction; 2) Sanders' children will suffer as a result of her incarceration; 3) Sanders' remorse; 4) Sanders successfully completed all pretrial release conditions; 5) Sanders has made some positive changes in her life; and 6) Sanders did not put the victims' families through a trial. The trial court found the following aggravating circumstances: 1) Sanders' prior criminal history; 2) Sanders has had previous opportunities to address her drug and alcohol issues; 3) Sanders does not seem to understand or acknowledge she has a substance abuse problem; 4) the IRAS tool showed Sanders has a high risk of reoffending; and 5) the nature and circumstances of this particular case, including her excessive BAC, that she had drugs in her system, and the speed she was going. *See* Tr., Vol. 2 at 56-61.

The trial court found the aggravating circumstances significantly outweighed the mitigating circumstances and justified a sentence above the advisory. The trial court sentenced Sanders to twelve years for each count with ten and one-half years to be executed in the DOC and the remainder suspended to probation. The trial court ordered the sentences to be served consecutively for a total sentence of twenty-four years with twenty-one years executed. The probationary term was ordered to be served on home detention for the remaining three years. Sanders now appeals her sentence.

# Discussion and Decision

## I. Abuse of Discretion

### A. Standard of Review

Sanders contends the trial court abused its discretion by improperly identifying or weighing aggravating and mitigating circumstances when it imposed her sentence. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). When a sentence is within the statutory range, it is subject to review only for abuse of discretion. *Id*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court may abuse its discretion in a number of ways, including: 1) failing to enter a sentencing statement at all; 2) entering a sentencing statement that includes aggravating and mitigating

circumstances that are unsupported by the record; 3) entering a sentencing statement that omits reasons that are clearly supported by the record; or 4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91. Because the trial court has no obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot be said to have abused its discretion in failing to properly weigh such factors. *Id.* at 491.

## B. Aggravating Factors

[9] Sanders alleges the trial court erred in identifying the following aggravating circumstances: 1) her IRAS score, 2) her juvenile record, 3) her criminal history, 4) information that came from charges dismissed per her plea agreement, and 5) her speed at the time of the accident.

[10] First, Sanders argues the trial court improperly utilized her IRAS score, which showed she has a high risk of reoffending, as an aggravating circumstance. Her "IRAS assessment indicates that she is at a 'high' risk to re-offend. She scored 'moderate' in the criminal history, education/employment/financial situation[,] and peer associations domains[;] and 'high' in the substance abuse and criminal attitudes/behavioral patterns domains." Appellant's App., Vol. II at 37. We acknowledge that "offender risk assessment scores do not in themselves constitute, and cannot serve as, an aggravating or mitigating circumstance." *J.S. v. State*, 928 N.E.2d 576, 578 (Ind. 2010). Risk assessment instruments "are not intended to serve as aggravating or mitigating circumstances nor to determine

the gross length of sentence[.]" *Malenchik v. State*, 928 N.E.2d 564, 575 (Ind. 2010). Instead, the trial court "may employ such results in formulating the manner in which a sentence is to be served." *Id*. Here, the trial court gave "slight weight" to Sanders' IRAS score, but acknowledged "the case law says it's how you serve a sentence more so than not. . . . I've already determined you're going to the [DOC], at least for a period of time." Tr., Vol. 2 at 60. This demonstrates the trial court's awareness of the proper use of the IRAS score and that it did not influence the trial court's decision to send Sanders to the DOC. Even if the trial court should not have considered Sanders' IRAS score, it would not constitute an abuse of discretion because "[o]ne valid aggravator alone is enough to enhance a sentence[.]" *Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012). The trial court identified several other aggravating circumstances that Sanders does not challenge. Thus, the trial court did not abuse its discretion in considering the IRAS score.

[11] Second, Sanders argues the trial court improperly considered a juvenile referral that was not prosecuted. Specifically, Sanders argues it was improper for the trial court to question her probation officer *sua sponte* about Sanders' juvenile referral. Sanders primarily relies on *Pinkston v. State*, 836 N.E.2d 453 (Ind. Ct. App. 2005), *trans. denied*, *Davenport v. State*, 689 N.E.2d 1226 (Ind. 1997), and *Day v. State*, 560 N.E.2d 641 (Ind. 1990), to support her claim of error. The trial courts in *Pinkston*, *Davenport*, and *Day*, however, explicitly found the defendants' juvenile records as aggravating circumstances. The State counters that here, the trial court did not refer to Sanders' juvenile history as an

aggravating circumstance at any point. Our review of the record reveals the trial court briefly asked about Sanders' juvenile referral, but at no point did the trial court state it considered Sanders' juvenile referral as an aggravating circumstance. Therefore, the trial court did not abuse its discretion in simply asking questions about Sanders' juvenile record.

[12] Third, Sanders challenges the trial court's determination that she has a significant criminal history. She contends her criminal history cannot be a significant aggravating circumstance because her criminal history is comprised of misdemeanors that are unrelated to the present offense. Our supreme court has explained that "[t]he significance of a criminal history varies based on the gravity, nature and number of prior offenses as they relate to the current offense." *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016) (quotation omitted). Sanders has previous misdemeanor convictions for battery resulting in bodily injury, minor consumption, and failure to stop after an accident, all of which occurred between 2011 and 2012. Although Sanders' convictions have similarities to the instant offense, the instant offense is much more serious than her previous convictions, both in the sense of the facts and in the sense of the class of crime and potential sentence. Nevertheless, Sanders' convictions show she has a blatant disregard for the law and for human life. Per *McElfresh*, the weight of the criminal history "may vary, but consideration of it is not an abuse of discretion." *Id*. The weight given to a particular circumstance is the province of the trial court, not this court. Thus, we cannot say the trial court abused its

discretion in considering Sanders' criminal history as a significant aggravating circumstance.

[13] Finally, Sanders argues the trial court improperly used information from charges that were dismissed pursuant to her plea agreement – namely that she was under the influence of marijuana and methamphetamine at the time of the offense – and improperly considered her speed. Our supreme court has noted that a plea agreement is a contract voluntarily entered and, "[u]nless the evidence is forbidden by terms of the plea agreement, the trial court judge may consider all evidence properly before him." *Bethea v. State*, 983 N.E.2d 1134, 1146 (Ind. 2013). Here, the record does not show the plea agreement precluded the trial court from considering that Sanders was under the influence of marijuana and methamphetamine at the time of the accident. *See* Appellant's App., Vol. II at 26-29. When Sanders and her counsel bargained to avoid trial and other potential convictions, they made a "risk assessment, balancing the evidence likely to be presented[.]" *Bethea,* 983 N.E.2d at 1144. Sanders agreed to leave sentencing to the trial court's discretion without negotiating what could be considered by the trial court in determining that sentence. We also reject the argument that the trial court improperly considered speed as an aggravating circumstance mainly because Sanders admitted she was "driving too fast for conditions." Appellant's App., Vol. II at 26. Notably, the trial court considered the presence of drugs in Sanders' system and her speed as part of the nature and circumstances of the crime, which it is permitted to do; it did not find these as independent aggravating circumstances. *See* Tr., Vol. 2 at 61. Indiana courts

have long recognized the "nature and circumstances of the crime as well as the manner in which the crime is committed" as a valid aggravating circumstance. *Anglemyer*, 868 N.E.2d at 492. The trial court was well within its discretion when it considered there were drugs in Sanders' system and her speed at the time of the accident. The presence of alcohol, drugs, and excessive speed are part of the nature and circumstances of this offense. Therefore, the trial court did not abuse its discretion in identifying these facts as part of a valid aggravating circumstance.

The trial court did not abuse its discretion in identifying any of the aggravating circumstances Sanders challenges. Even if it did, it also identified other, unchallenged factors, and one valid aggravator is sufficient to support an enhanced sentence. *See Gleason*, 965 N.E.2d at 712.

## C. Mitigating Factors

Sanders also argues the trial court erred in failing to identify or properly weigh the following mitigators: 1) her age, 2) her lack of serious prior criminal history, 3) her troubled childhood, 4) her substance abuse problems, 5) her character, and 6) the hardship to her family.

Although a sentencing court must consider all evidence of mitigating circumstances presented by a defendant, the finding of mitigating circumstances rests within the trial court's sound discretion. *Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006). A trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing. *Id.* "[I]f

the defendant fails to advance a mitigating circumstance at sentencing, this court will presume that the factor is not significant, and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." *Id*. Our review of the record shows Sanders advanced the following mitigating circumstances at sentencing: 1) her substance abuse issues, 2) her limited and remote criminal history, 3) hardship to her young children, and 4) her remorse. *See* Tr., Vol. 2 at 51-53. Thus, we will address those proffered mitigators,[3] but the remainder are precluded from review.

[17]    First, Sanders argues the trial court erred when it failed to identify her substance abuse problem as a mitigating circumstance and considered it an aggravating circumstance instead. Although this court has recognized a history of substance abuse may be a mitigating circumstance, we have held "when a defendant is aware of a substance abuse problem but *has not taken appropriate steps to treat it*," the trial court does not abuse its discretion by rejecting it as a mitigating circumstance. *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009) (emphasis added), *trans. denied*. In discussing the mitigating factors applicable to Sanders, the trial court noted in relevant part:

> [Y]ou don't seem to understand or acknowledge that you have a substance abuse problem which goes back to the thing I just said, that you've been struggling with this since you were 15. . . .

---

[3] Sanders does not make an argument on appeal regarding her remorse.

You've had an opportunity many times to address this situation since you were 15 years old and you chose not to do so. And you continued abusing drugs and using alcohol to the extent that you were intoxicated for many, many years now.

Tr., Vol. 2 at 59. The record shows Sanders was aware of her substance abuse problem but failed to take appropriate steps to treat it when she had the chance. Sanders admits she began using marijuana at age fifteen. She stated she used "pretty often" for a year after she began smoking. Appellant's App., Vol. II at 36. Sanders further admits she began drinking alcohol "every weekend" around the age of 21. *Id*. While Sanders was on probation, her probation officer recommended she receive treatment, and Sanders ultimately agreed. During her treatment, she admitted to additional drug and alcohol use leading to her being charged with minor consumption in 2011. In addition, Sanders failed to attend seven treatment appointments in a short period of time. The record establishes Sanders did not take her substance abuse problems seriously, contrary to her assertion. Therefore, the court did not abuse its discretion by rejecting Sanders' substance abuse problems as a mitigating factor.

[18] Second, Sanders argues that her limited and remote criminal history should be a mitigating circumstance rather than an aggravating circumstance. Although a limited criminal history may be considered a mitigating circumstance, "[t]rial courts are not required to give significant weight to a defendant's lack of criminal history, especially when a defendant's record, while felony-free, is blemished." *Rawson v. State*, 865 N.E.2d 1049, 1058 (Ind. Ct. App. 2007) (internal quotations omitted), *trans. denied*. We acknowledge Sanders' limited

criminal history, but as discussed above, the weight given to a particular circumstance is within the sound discretion of the trial court. *See Anglemyer*, 868 N.E.2d at 490. Therefore, the trial court did not abuse its discretion in failing to identify Sanders' limited criminal history as a mitigating circumstance.

[19] Sanders also states she has "led a law-abiding life for several years[,]" and the chronological remoteness of her convictions should be considered a mitigating circumstance. Amended Appellant's Brief at 15. The trial court, in fact, considered the remoteness of Sanders' previous convictions as a "slight mitigator." Tr., Vol. 2 at 56. Specifically, the trial court gave credit to Sanders for living a law-abiding life for several years, but noted, "[Y]ou're only so old, so you only have so much time to have gotten in trouble anyway." *Id.* A sentencing court may consider as a mitigating circumstance that the defendant "has led a law-abiding life for a substantial period before commission of the crime." *Bacher v. State*, 722 N.E.2d 799, 804 (Ind. 2000). But as noted above, the weight given to an aggravating or mitigating circumstance is in the sound discretion of the trial court. *See Anglemyer*, 868 N.E.2d at 490. Thus, the trial court did not abuse its discretion in the weight it gave to the remoteness of Sander's convictions.

[20] Third, Sanders argues the trial court failed to give appropriate weight to the hardship her incarceration would cause to her family. A trial court is not required to find that a defendant's incarceration would result in undue hardship upon his dependents. *Allen v. State*, 743 N.E.2d 1222, 1237 (Ind. Ct. App. 2001), *trans. denied*. Here, the trial court gave "slight weight" to the hardship on

Sanders' family. Tr., Vol. 2 at 56. Because the trial court has no obligation find undue hardship on Sanders' dependents as a mitigating circumstance at all, we will not hold that the weight given is improper as a matter of law. Sanders' argument is a request for this court to reweigh undue hardship on her family, but this court does not review for weight – that is primarily the responsibility of the trial court. The trial court acknowledged that Sanders' children will suffer as a result Sanders' incarceration, but also emphasized that "that's on you." *Id.* Any incarceration brings great hardship on any family and our analysis might be different if Sanders was the only caregiver to her children. Although we agree that Sanders' children will suffer by not having their mother present in their daily lives, the record shows Sanders has a husband and other relatives who will take care of the children, and in fact, the children have been placed with relatives since Sanders was charged in this case. As the trial court identified hardship as a mitigator and the weight to be given to a mitigating circumstance is not subject to review, the trial court did not abuse its discretion.

[21] The trial court did not err in its consideration and weighing of the mitigating or aggravating circumstances. Therefore, the trial court did not abuse its discretion in imposing Sanders' sentence.

## II. Inappropriate Sentence

### A. Waiver

[22] We begin our review of this issue by noting that Sanders phrases her argument as whether her sentence is "manifestly unreasonable[.]" Amended Appellant's

Br. at 20. We remind Sanders that we have not reviewed sentences under the manifestly unreasonable standard for more than fifteen years. Since January 1, 2003, Indiana Appellate Rule 7(B) has permitted the appellate revision of a sentence when the sentence is *inappropriate*. *See* Ind. Appellate Rule 7(B). Substantively, Sanders briefly mentions the language of Rule 7(B) but fails to make a cogent argument regarding the nature of the offense or the nature of her character. It is well established that a failure to make a cogent argument regarding the nature of the defendant's offense and the defendant's character "results in a waiver of the defendant's [in]appropriateness claim." *Perry v State*, 921 N.E.2d 525, 528 (Ind. Ct. App. 2010). However, we will briefly address the issue.

## B. Standard of Review

We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we] find that the sentence is inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B). The principle role of Rule 7(B) review "is to leaven the outliers, rather than to achieve a perceived 'correct' sentence." *McCallister v. State*, 91 N.E.3d 554, 566 (Ind. 2018). The Rule 7(B) analysis is not to determine "whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted). Although we may consider any factors in the record when conducting a Rule 7(B) review, sentencing is "principally a discretionary function" of the trial court which we afford considerable

deference. *Morris v. State*, 114 N.E.3d 531, 538 (Ind. Ct. App. 2018) (internal citation omitted), *trans. denied*. Therefore, on appeal, the defendant must persuade this court that his or her sentence is inappropriate. *Id.*

## C. Nature of the Offense

[24] We begin our analysis of the nature of the offense with the advisory sentence, which is the starting point selected by the legislature as an appropriate sentence. *Reis v. State*, 88 N.E.3d 1099, 1104 (Ind. Ct. App. 2017). Sanders pleaded guilty to two Level 4 felonies. The sentencing range for a Level 4 felony is two to twelve years with the advisory sentence being six years. *See* Ind. Code § 35-50-2-5.5. Sanders was sentenced to the maximum sentence of twelve years for each offense, to be served consecutively in recognition of two separate victims. The nature of the offense is found in the details and circumstances surrounding the offense and the defendant's participation therein. *Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017). Here, two men were killed because of Sanders' irresponsible actions. At sentencing, the trial court pointed out that "in three different ways, [the victims] had no chance that day. You would have killed them by your speed, you would have killed them because of [the] drugs in your system, and you would have killed them because you were so stinking drunk[.]" Tr., Vol. 2 at 61.

[25] It was established that Sanders' BAC was 0.272, which is nearly three and one-half times the legal limit in Indiana. In addition, Sanders had consumed

methamphetamine and marijuana. Furthermore, Sanders conceded that she was driving too fast for conditions.

[26] But for Sanders' irresponsible behavior, two men could still be alive today. Sanders' actions were egregious, and she has failed to demonstrate that the nature of her offenses render her maximum sentence inappropriate.

## D. Character of the Offender

[27] A defendant's life and conduct are illustrative of his or her character. *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Although we acknowledge Sanders pleaded guilty to the offenses and did not put the families through the torment of a trial, this independent factor is not a determinative one when discussing her character. Even a minor criminal record reflects poorly on a defendant's character. *Reis*, 88 N.E.3d at 1105. Sanders is only twenty-five years old and had already had encounters with the justice system three times including a probation revocation prior to this incident. Sanders was convicted of battery resulting in bodily injury for driving to the victim's home and "punch[ing] [the victim] several times including one good punch to the nose[,]" resulting in the victim suffering a bloody nose. Appellant's App., Vol. II at 103. Sanders was placed on probation for the battery charge and ultimately violated her probation by testing positive for drugs and being charged with illegal consumption by a minor as a result. *Id*. at 33. Sanders was then convicted for failing to stop after an accident in 2012. Sanders attempts to minimize the severity of her prior convictions. But despite Sanders' history with the justice system, she was not deterred from committing

the current offenses, and in fact, it illustrates her conscious disregard for human life and the rule of law.

[28] Finally, we address Sanders' failure to take her substance abuse problems seriously. In 2011, Sanders' probation officer recommended that she enroll in a treatment program to combat her substance abuse problems. Although she did enroll, she continued to smoke marijuana and drink alcohol. Sanders also failed to attend seven treatment sessions and decided not to reenroll; she essentially failed to complete the program. Moreover, four months prior to sentencing, and one month after the accident, Sanders admitted to smoking marijuana. After causing two deaths, Sanders continued to use illegal substances. This behavior contradicts Sanders' assertions that she is remorseful and serious about changing her life. Sanders has also failed to establish that her character renders her sentence inappropriate.

[29] In sum, Sanders has failed to carry her burden of persuading this court that her twenty-four-year sentence for two counts of causing death while operating a motor vehicle is inappropriate in light of her offenses and her character.

# Conclusion

[30] The trial court did not abuse its discretion in identifying or weighing the aggravating and mitigating circumstances, and Sanders' sentence is not inappropriate in light of the nature of her offenses and her character. Accordingly, we affirm Sanders' sentence.

Affirmed.

Mathias, J., and Pyle, J., concur.